UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILIP J. ASHLEY, <br><br> Plaintiff, <br><br> v. <br><br> ROBIN CARNAHAN, Administrator, General Services Administration, <br><br> Defendant. | Civil Action No. 18-0574 (JMC) |

**DEFENDANT'S MOTION FOR A SEPARATE TRIAL ON SECTION 794d CLAIMS**

This lawsuit was filed in 2018, and since 2018[1]—five years ago—Defendant Robin Carnahan, in her official capacity as Administrator of the General Services Administration (the "Agency"), has challenged—and asked the Court to rule on the motions to dismiss regarding—jurisdictional defects requiring the dismissal of twenty-eight of the twenty-nine Rehabilitation Act claims[2] asserted by Plaintiff, as well as certain related relief Plaintiff seeks in the complaint.

---

[1] On July 23, 2018, and August 10, 2018, Defendant requested a briefing schedule to move for dismissal or summary judgment, and on April 8, 2019, Defendant proceeded to file that motion which sought dismissal of or judgment on all claims, including on jurisdictional grounds, due to failure to administratively exhaust; if granted, this would have eliminated the need to conduct discovery. (ECF No. 15; ECF No. 16; ECF Nos. 41 & 42). The Court rejected each of Defendant's attempts to file the motion, despite Defendant making the Court aware of the jurisdictional defects in Plaintiff's claims. *See* July 24, 2018, Minute Order; ECF No. 22; April 22, 2019, Minute Order.

Now the motion currently pending before the Court is Defendant's motion to dismiss for lack of jurisdiction and for summary judgment, which Defendant filed in September 2020 after closure of discovery. *See* ECF No. 80.

[2] Plaintiff asserts seven claims under Section 794d; seven reasonable accommodation claims under Section 501; and sixteen disability discrimination claims under Section 501 based on failure to promote.

After five years, however, the Court has still refused to issue a ruling on the Court's jurisdiction, despite affirmatively issuing decisions allowing discovery to proceed and most recently ordering the pretrial schedule and an October 2, 2023, jury trial. ECF No. 100. This Court's continued refusal to consider and rule on the Court's own authority in this case upsets well-settled principles of law. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("[W]ithout jurisdiction, a court lacks power to consider a case at all").

One of the jurisdictional defect motions pending before the Court is Defendant's motion to dismiss or strike for lack of jurisdiction Plaintiff's request for monetary damages and a jury trial for the claims under Section 508 of the Rehabilitation Act ("Section 508" or Section 794d").[3] *See* Def.'s Mot. to Dismiss and Mot. for Summ. J. at 14–16, ECF No. 80. The Court lacks jurisdiction over this requested relief because Congress has not waived sovereign immunity for monetary damages or a jury trial for these claims, and Plaintiff has not disputed this in his briefing. *See infra*. The Court should therefore order a separate bench trial for the Section 794d claims.

Because the parties' first pre-trial submissions are due in less than two weeks (ECF No. 100), Defendant renews its request for this relief and hereby moves for a separate trial on the Section 794d claims under Federal Rule of Civil Procedure ("Rule") 42(d). Defendant requests that (a) the Section 794d claims be decided by a separate bench trial, rather than the October 2, 2023, jury trial, and (b) that the scheduling of the bench trial date be stayed until the Court has ruled on the Defendant's motion for dismissal and judgment on the seven Section 794d claims.

---

[3] The Agency primarily refers to the statute as "Section 794d" for consistency with the language used in the D.C. Circuit's decision in *Orozco v. Garland*, 60 F.4th 684 (D.C. Cir. 2023), which reflects the fact that this statutory provision has been amended several times since the Rehabilitation Act was first enacted. However, because the cases, regulations, and agency compliance efforts have overwhelming referred to this provision as "Section 508," the Agency also refers to the provision interchangeably under the more common name "Section 508."

The twenty-two Section 501 claims—comprised of seven reasonable accommodation claims and sixteen disability discrimination claims—would remain in the pre-trial proceedings for the October 2, 2023, jury trial, subject to the Court's ruling on the pending dispositive motions. A separate trial is necessary to prevent juror confusion because of the significant factual overlap in the seven reasonable accommodation claims and seven Section 508 claims, both of which concern Plaintiff's conclusory contention that seven pieces of technology were not accessible to him.

Because the ruling on the present motion greatly impacts the scope of the claims in the pretrial proceedings, as well as nearly every aspect of the parties' pre-trial submissions,[4] Defendant believes that both the parties and the Court would benefit from a timely ruling and for this reason requests an expedited resolution of this issue.

Defendant's counsel conferred with Plaintiff's counsel regarding this motion under Local Civil Rule 7(m), and Plaintiff opposes the relief requested herein.

**ARGUMENT**

I.  **Defendant's Motion to Dismiss or Strike the Request for Monetary Damages and Jury Trial on the Section 794d Claims Is Effectively Unopposed, and the Court Should Grant Its Motion for a Separate Trial on Those Claims.**

This motion for a separate trial is effectively the same motion on which Defendant has sought a ruling since 2019 (*see supra* n.1), and the most recent version of the motion, now pending before the Court, became ripe in September 2020. More specifically, after completion of discovery, Defendant included this motion to dismiss or strike Plaintiff's request for compensatory damages for lack of jurisdiction in its dispositive motion, contending that Congress did not waive sovereign immunity for this relief for Section 794d claims. *See* ECF No. 80 at 14–16. In response, Plaintiff

---

[4] The parties' motions *in limine* are due August 28, 2023, and the oppositions and pretrial statements are due September 8, 2023.

did not oppose this argument by Defendant. *See* ECF No. 81 at 31–38 (Plaintiff's Section 794d arguments not addressing or disputing this).

Three years later, during an April 4, 2023, status conference, the Court decided to set a date for trial and scheduled pretrial proceedings (ECF No. 100), despite not having ruled on the parties' dispositive motions. After the conference, the Court entered a minute order stating that the case was specifically scheduled for a jury trial—despite Defendant's unopposed motion explaining that Section 794d does not provide a right to monetary damages or a legal claim capable of resolution by a jury.

Defendant promptly objected to the Court's scheduling of jury trial for the Section 794d claims in its supplemental brief on the Section 794d claims, stating in part:

> Plaintiff has already conceded as correct Defendant's position that Section 794d does not provide a right to money damages, *see* ECF No. 83-1 at 19–21, as Plaintiff did not oppose this argument in his response to Defendant's motion for summary judgment, ECF No. 81 at 31–39. In light of the Court's setting a date for a jury trial in this matter (see April 4, 2023 Minute Order), however, Defendant raises this argument again, as the *Orozco* decision further supports the Agency's position on this issue.

Def.'s Supp. at 19, ECF No. 102. Defendant reiterated its position that Congress has not waived sovereign immunity for monetary relief or a jury trial on these claims and further added that the recent decision in *Orozco v. Garland*, 60 F.4th 684 (D.C. Cir. 2023), gave additional support for that conclusion. Def.'s Supp. at 19–22, 28–29. Specifically, the only relief available to Plaintiff under Section 794d would be injunctive in nature, and this equitable form of relief is not triable by jury. *Id.* at 29.

In response to Defendant's supplemental brief, Plaintiff again did not dispute that Section 794d does not waive sovereign immunity for monetary relief or a jury trial on these claims. *See* Pl.'s Opp. to Def.'s Supp. at 11, ECF No. 104. Instead, Plaintiff simply stated that it would be the claims should be tried by a jury for efficiency because they are similar to the other claims—giving

no legal support for this position. *Id.* By providing an unsupported, conclusory assertion, instead of responding to Defendant's argument, Plaintiff again conceded the correctness of Defendant's position on this issue. *See* Reply in Further Supp. of Def.'s Supp. Br. at 3, ECF No. 106. Because it is undisputed that the Court lacks authority to allow the Section 794d claims be tried by a jury, the Court should set a separate bench trial on the Section 794d claims for which Plaintiff pursues injunctive relief, subject to the Court's dispositive motion ruling.

Defendant believes that both the parties and the Court would benefit from expedited resolution of this issue in light of the parties' pre-trial deadlines. The resolution of the motion will significantly impact the parties' preparation and the presentation at trial. It is in the best interest of the parties and the Court to have a ruling on this issue (and on the pending dispositive motions) before the upcoming deadlines as these issues impact nearly every aspect of the pretrial submissions—the motions *in limine*, the exhibit and witness lists (and objections thereto), the jury instructions (and objections thereto), an accurate estimation of the trial's duration, and so forth.

Undersigned counsel for Defendant conferred with Plaintiff's counsel before filing this motion, as required under under Local Civil Rule 7(m), and Plaintiff opposes both the separate trial and the proposed expedited resolution. Plaintiff instead desires the fourteen days allotted by the local rules to respond, notwithstanding the significance of this issue and the substantial impact on the parties' pretrial submissions and preparation for trial.  Since 2019, Defendant has repeatedly made its position clear in its filings, yet Plaintiff either did not oppose it or simply stated in drive-by fashion that it should be heard by the jury. If the timing under the local rules is followed, Defendant will be prejudiced because the matter will not be resolved before the quickly approaching motions *in limine* filing deadline on August 28, 2023, and it will likely will not be resolved before the opposition briefs and joint pretrial statement submission on September 8, 2023.

What is more, during a meet and confer phone call on Friday, August 11, 2023, Plaintiff for the first time proposed that all evidence be presented to a jury and the Court should rule on the "equitable issues" based on that evidence.[5] At no point has Plaintiff raised this argument previously, and there is no justification for his failure to previously do so. The Court should reject this belated argument. At the very least, Plaintiff should not complain about an expedited schedule for briefing and resolution, when Defendant's counsel has had only two business days to brief the issue herself in light of Plaintiff raising this issue for the very first time. Moreover, for the reasons explained in the next section, the Court should reject this new proposal from Plaintiff because trying the claims together would cause juror confusion and prejudice Defendant.

**II.     Presenting the Case for the Seven Reasonable Accommodation Claims and the Seven Section 794d Claims during the Same Trial Would Confuse the Jury and Prejudice Defendant.**

While there may be limited circumstances of combined jury/bench trials in which the parties may present all evidence to the jury and have the Court rule on certain equitable issues reserved for its determination, this is not such a case, and the Court should order a separate trial under Rule 42(b).

Rule 42 "confers broad discretion upon the district court to bifurcate a trial." *Auto Konnect, LLC v. BMW of N. Am., LLC*, Civ. A. No. 18-14019, 2022 WL 1724497, *4–5 (E.D. Mich. May 27, 2022). Under Rule 42(b), "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42. "Beyond the enumerated reasons set forth

---

[5]     The specifics and scope of Plaintiff's proposal are not entirely clear. The undersigned counsel for Defendant specifically requested that Plaintiff's counsel convey the purported basis for Plaintiff's opposition to the motion in writing in advance of the parties' phone call, but Plaintiff's counsel insisted on raising it for the first time orally during that call.

in Rule 42(b), a court may bifurcate claims or issues for a separate trial 'to avoid the possibilities of confusion, to further convenience, to avoid delay and prejudice, and to serve the ends of justice.'" *United States ex rel. Miller v. Bill Harbert Int'l Const., Inc.*, Civ. A. No. 95-1231, 2007 WL 851823, at *1 (D.D.C. Mar. 14, 2007) (citation omitted). "District courts have 'broad discretion' to choose whether to bifurcate claims for the purposes of trying them separately, even in scenarios where only one criterion from Rule 42(b) is satisfied.'" *Id.*

One of the factors courts consider in deciding a motion to order a separate trial is "whether the issues are triable by jury or the court." *Panchal Enterprises v. State Farm Fire & Cas. Co.*, Civ. A. No. 20-0295, 2021 WL 2195504, at *2 (D. Neb. Mar. 10, 2021), *objections overruled*, Civ. A. No. 20-0295, 2021 WL 1909897 (D. Neb. May 12, 2021). "Because legal and equitable issues are committed to different factfinders, 'it is common and appropriate to hold separate jury and bench trials on the different issues.'" *Auto Konnect,* 2022 WL 1724497, *4–5.

That is the case here. In the present matter, ordering a separate bench trial on the Section 794d claims is necessary to prevent juror confusion and prejudice to Defendant. Pending in this case are seven Section 794d claims, seven Section 501 reasonable accommodation claims, and sixteen Section 501 disability discrimination claims based on failure to promote. There is substantial risk of confusion between the seven Section 794d claims and the seven Section 501 reasonable accommodation claims, and limiting jury instructions would be incapable of preventing it.

The seven reasonable accommodation claims and the seven Section 508 claims involve the same seven pieces of technology and the same overarching contention from Plaintiff that each of the seven pieces of technology are inaccessible to him, which would make it difficult for a jury to discern between the two types of claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715,

727 (1966) (recognizing "the likelihood of jury confusion in treating divergent legal theories of relief" as a factor supporting separate trials). The claims both involve Plaintiff's conclusory contention that seven pieces of technology were not accessible to him: (i) Electronic Time & Attendance Management System, (ii) Financial Management Information System, (iii) Pegasys, (iv) SAP Businessobjects, (v) Citrix Access Gateway, (vi) Oracle's Occupancy Agreement Tool; and (vii) Oracle Business Intelligence.

What makes this problematic is that the elements and defenses applicable to both claims are very different, and other than these somewhat complicated elements and defenses, there is nothing to clearly distinguish the seven Section 508 claims from the reasonable accommodation claims to a lay jury. For example, the Section 508 claims do not involve a different type of discrimination (disability discrimination vs. race discrimination). Nor do they involve a discrete act or event that a jury can easily distinguish and keep separate from the reasonable accommodation claims. Plaintiff often appears to argue that the relevant facts are the same for the claims.

These two types of claims are very different in terms of their elements and defenses. To establish a disability discrimination claim based on the failure to provide a reasonable accommodation, the plaintiff has the burden of establishing: (1) that he is an otherwise qualified individual with a disability; (2) that with reasonable accommodation he could perform the essential functions of the position; and (3) that the employer denied a request for an accommodation. *Ward v. McDonald*, 762 F.3d 24, 31 (D.C. Cir. 2014). A request is a threshold requirement for an agency's obligation to accommodate. *Flemmings v. Howard Univ.*, 198 F.3d 857, 861-62 (D.C. Cir. 1999) ("[a]n underlying assumption of any reasonable accommodation claim is that the plaintiff-employee has requested an accommodation which the defendant-employer has denied.").

What is more, "[a]n employer is not required to provide an employee that accommodation he requests or prefers, the employer need only provide some reasonable accommodation." *Aka v. Washington Hosp. Ctr.*, 156 F.3d 1284, 1305 (D.C. Cir. 1998)

By contrast, and as previously argued by Defendant, a federal employee plaintiff asserting a Section 794d claim should be required to establish the following elements: "(1) that he or she is an individual who has a disability; (2) the employer had notice of his disability; (3) the employer and employee engaged in good faith in the interactive process; (4) the technology is "information and communications technology" (hereafter, "ICT") that is subject to the Access Board standards, and the agency employer has failed to conform with the applicable Access Board standards when procuring, developing, maintaining, or using the ICT." Def.'s Supp. Br. at 23, ECF No. 102. In addition to these elements, the employee must demonstrate that he or she satisfies the four-part test for a permanent injunction. That is, "a permanent injunction should issue only on demonstration by plaintiff that: (1) "it has suffered an irreparable injury"; (2) "remedies available at law, such as monetary damages, are inadequate to compensate for that injury"; (3) "considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted"; and (4) "the public interest would not be disserved by a permanent injunction." Def.'s Supp. Br. at 23–24, ECF No. 102 (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156–57 (2010)).

Section 794d claims for the most part have different defenses as well. They include categorical exceptions for certain ICT, a best meets procurement exception, and an exception for undue burden or fundamental alteration, as well as an option to use alternative methods to comply with certain of the requirements imposed by the Section 508 standards. *See* Def's Supp. Br., ECF No. 102 at 12–15.

The following provides a few illustrations of the differences between the two claims:

- A Section 794d claim requires Plaintiff to demonstrate that the source of the accessibility issue is ICT that is subject to the Section 508 Access Board standards, and that agency employer has failed to adhere to the applicable requirement or criteria from the Section 508 Access Board standards when procuring, developing, maintaining, or using that ICT. By contrast, there is no set manner in which an employer must comply with a request for a reasonable accommodation under Section 501; the process requires "a flexible give-and-take" between employer and employee "so that together they can determine what accommodation would enable the employee to continue working." *Ward*, 762 F.3d at 32. It is well-settled that an employer is not required to provide an employee that accommodation he requests or prefers. *Aka*, 156 F.3d at 1305.

- Only injunctive relief is available as a remedy under Section 794d, and as such, these claims are necessarily forward-looking and ask whether the seven pieces of technology are ICT that currently fails to comply with an applicable requirement from the Section 508 Access Board standards and whether Plaintiff has shown that an injunction is justified in light of the four-factor test. By contrast, the Section 501 reasonable accommodation claims are backward-looking and ask whether Defendant denied Plaintiff's request for a reasonable accommodation for the seven pieces of technology during the relevant period.

- Unlike claims under Section 794d, which are not employment discrimination claims (see Def.'s Supp. Br., ECF No. 102 at 23), reasonable accommodation claims require plaintiff to be able to perform the essential function of his position with or without the accommodation.

If both types of claims to proceed to a jury, Defendant will be prejudiced because evidence may be relevant and admissible as to the one type of claim, but not the other. *See Panchal Enters. v. State Farm Fire & Cas. Co.*, Civ. A. No. 20-0295, 2021 WL 2195504, *3 (D. Neb. 2021) (court ordered a separate trial for the bad faith claim because "much of the evidence pertaining to the bad faith claim [was] irrelevant to the contract claim" and carried risk of "significant prejudice that an appropriate jury instruction could not cure"). Presenting evidence regarding the Section 794d could confuse the jury in calculating compensatory damages for legal claims—the reasonable accommodation claims. *See, e.g.*, *Auto Konnect, LLC v. BMW of N. Am., LLC*, Civ. A. No. 18-14019, 2022 WL 1724497, *4–5 (E.D. Mich. May 27, 2022) (granting the defendant's motion to bifurcate the trial and equitable claims and hold a separate bench trial on the equitable issues not

for jury determination; it would not prejudice the plaintiff and the presentation of evidence related to equitable claims would confuse the jury in deciding the legal claims, including "on the issue of how to calculate damages"). Given the overlapping nature of the claims, and the different elements and defenses that may apply to them, limiting jury instructions could not adequately prevent juror confusion. Moreover, if the Section 794d claims proceed alongside the reasonable accommodation claims and are presented to the jury, Defendant intends to raise many objections concerning this issue and the many issues could be avoided by ordering the separate trial. *Panchal Enters.*, 2021 WL 2195504, at *2 (ordering a separate trial in part because it would resolve outstanding issues between the parties).

Not only do the fourteen Section 508 claims and reasonable accommodation claims overlap in ways that would cause a jury to be confused about which evidence may be relevant to which claim's elements or defenses, the inquiries for both types of claims are highly individualistic and more complex than most discrimination claims. The evidence would not apply across all seven claims. Rather, it is specific to the technology at issue and the applicable requirements from the Section 508 standards (the statute's implementing regulations) and dependent on any request by Plaintiff and the interactive process because Plaintiff and Defendant for the technology accommodation requested. *See Tanner v. Entergy Ark.*, Civ. A. No. 08-0099, 2009 WL 1605843, at *3 (E.D. Ark. June 8, 2009) ("[J]ury would likely be unnecessarily confused by conducting what amounts to three mini-trials at one time.").

The sheer number of claims at issue in this case would only exacerbate the many issues previously identified. In addition to the fourteen apparently overlapping claims (seven Section 794d claims, and seven reasonable accommodation claims), there are also sixteen other claims that involve individualized determinations concerning failure to promote. Even with a separate trial for

the Section 794d claims, there would still be twenty-two claims to be presented to the jury. The large number of claims only increases the likelihood of juror confusion, and it weighs in favor of ordering the separate trial.

For the foregoing reasons, allowing the jury to hear the case related to the Section 794d claims would significantly prejudice Defendant. Defendant is also unaware of any prejudice to Plaintiff by ordering a separate trial on the Section 794d claims.

In sum, the Court should not entertain Plaintiff's belated proposal of a combined jury trial/bench trial for the first time at this stage, and instead grant in any event presenting evidence of Section 794d claims to the jury, alongside the evidence of reasonable accommodation clams, will necessarily confuse the jury.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendant's Motion for a separate trial on the Section 794d claims and order a bench trial on these claims, to be scheduled after the Court rules on the Section 794d claims.

Dated: August 16, 2023
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: /s/ *Christina O'Tousa*
Christina O'Tousa
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2437
christina.otousa@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILIP J. ASHLEY,<br><br>    Plaintiff,<br><br>v.<br><br>ROBIN CARNAHAN, Administrator,<br>General Services Administration,<br><br>    Defendant. | Civil Action No. 18-0574 (JMC) |

### [PROPOSED] ORDER

UPON CONSIDERATION of Defendant's Motion for a Separate Trial on the Section 794d Claims, and the entire record herein, it is hereby

ORDERED that the Defendant's motion is GRANTED, and it is further

ORDERED that the Section 794d claims against Defendant will be heard by a separate bench trial, with a date to be scheduled (if necessary) following the Court's ruling on the pending dispositive motions by the parties.

SO ORDERED.

_____                                                      _____
DATE                                                                                          UNITED STATES DISTRICT JUDGE